## Breathitt County Board of Education v. Pollard, Assignee.

(Decided November 27, 1923.)

### Appeal from Breathitt Circuit Court.

Schools and School Districts—County Board of Education Held Chargeable with Debts of Old Common School District, though it has Become a Graded District.—Under Ky. Stats., section 4434a-7, indebtedness of old common school district, incurred before 1908, though the district has become a graded common school district, is properly chargeable to the board of education of the county.

W. L. KASH for appellant.

O. H. POLLARD for appellee.

Opinion of the Court by Chief Justice Sampson— Affirming.

In 1901, appellee Pollard obtained a judgment against common school district No. 1 of Breathitt county for the sum of $500.00 with interest from 1893, subject to several credits which reduced it to approximately $200.00. The several executions issued upon the judgment were returned in substance "no property found." In 1914 appellee Pollard commenced this action against the board of education of Breathitt county to obtain a writ of mandamus and to compel it to pay into court $500.00, subject to the credits mentioned in the petition, for the use and benefit of Pollard. Later the petition was amended, to which was appended a prayer for mandamus against the school board, requiring it to issue him an interest-bearing warrant for his debt, interest and cost. A second amended petition was filed making the Breathitt fiscal court a party defendant and asking a mandatory injunction against it requiring it to meet and levy a tax for the purpose of paying the debt of appellee Pollard. Later a third amended petition was filed setting forth in substance the averments of the second amended petition concerning the fiscal court and averring that the Breathitt county board of education had no funds, and again praying a mandamus against the members of the fiscal court to require it to make a tax levy to raise funds to pay appellee Pollard's judgment. In the meantime motion had been entered by Pollard for mandamus against the board of education as well as against the fiscal court of

Breathitt county in accordance with the prayer of the petition, as amended.

The Breathitt board of education answered and denied its indebtedness to appellee Pollard and denied that he was entitled to a writ of mandamus against it to compel it to pay his judgment. The board of education also averred that prior to the year 1908 it had no corporate existence and that the indebtedness for which appellee Pollard sued was incurred by common school district No. 1 of Breathitt county several years before the creation of the board of education of Breathitt county and therefore it was not, as an entity, liable; that if Pollard was entitled to recover at all it was from common school district No. 1, or its successor, the graded school district of the city of Jackson, into which it had been converted since the taking effect of the act of 1908.

As an amendment of the act of 1908, now section 4434a, Kentucky Statutes, subsection 7, it was provided:

"The various county boards of education in the Commonwealth shall assume the payment of any legal indebtedness contracted by the old boards of trustees under the old law and prior to the taking effect of the act of 1908, by compromise, partial payment or otherwise, as is deemed expedient and proper by said board of education. Said payments to be made out of the general school fund of the county.

"This law shall also apply to common school subdistricts that have become graded common school districts since 1908."

By this act it appears that the indebtedness of old common school districts are properly chargeable to the board of education of the county, and that the debt due appellee Pollard was properly chargeable to the board of education of Breathitt county, and it was the duty of the Breathitt fiscal court to make such tax levy and provide such revenue as were necessary to meet such old school obligations. The circuit court took this view and granted the mandatory injunction requiring the fiscal court of Breathitt county to make a levy and provide revenue for the payment of the debt of Pollard.

We think the record fully justified this action on the part of the lower court, for which reason the judgment is affirmed.

Judgment affirmed.